**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| P. MARK SHAFER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-07-183 |
| PAULA PRICE, | : | |
| CINDY DIAMOND, | | |
| DSS/APS, | : | |
| WASHINGTON COUNTY HEALTH SYSTEM, | | |
| JAMES P. HAMILL, | : | |
| ATTENDING PHYSICIAN, | | |
| WASHINGTON COUNTY | : | |
|  COMMISSIONERS, and | | |
| SISKIND, GRADY, ROSEN, HOOVER | : | |
| Defendants | : | |

o0o

## MEMORANDUM OPINION

The above-captioned civil rights Complaint was filed on January 17, 2007, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff is serving a 15-year sentence stemming from charges that he neglected, abused and/or defrauded money from his grandmother. Paper No. 1; *see also Shafer v. Snook, et al.*, Civil Action No. PJM-06-2222 (D. Md. 2006). He claims that his conviction resulted from Defendants falsifying documents and wrongfully refusing to provide requested services for his grandmother. Paper No. 1. Plaintiff seeks monetary damages and requests that the criminal judgment be vacated. *Id.*

Previously, Plaintiff filed a similar Complaint which was dismissed without prejudice because his conviction had not been vacated or otherwise overturned on appeal. *See Shafer v.*

*Snook, et al.*, Civil Action No. PJM-06-2222 (D. Md. 2006).  There is nothing in the instant Complaint indicating that there has been a change in the status of Plaintiff's conviction.  Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice.[1]  *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994).  Litigation of Plaintiff's current allegations would require the type of examination into the validity of his criminal conviction prohibited by *Heck*.  Accordingly, the Complaint will be dismissed without prejudice.

February 8, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] To the extent he wishes to attack his conviction by way of federal habeas corpus review, Plaintiff may file an action in this Court pursuant to 28 U.S. § 2254, after first exhausting state appellate and/or post-conviction remedies.